Filed        21-CI-003509   06/18/2021        David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
06/21/2021 10:21:54 AM
48398

Electronically Filed

**COMMONWEALTH OF KENTUCKY**
**JEFFERSON CIRCUIT COURT**
**DIVISION \_\_\_**
**CASE NO. _____**

**KATHRYN BARKER SMITH**                                              **PLAINTIFF**

**v.**

**COMPLAINT**

**LANDMARK OF IROQUOIS PARK REHABILITATION**
**AND NURSING CENTER, LLC**                                          **DEFENDANT**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Serve pursuant to Rule 4.01(1) (a) by certified mail return receipt requested:

Capitol Corporate Services, Inc.
828 Lane Allen Road
Suite 219
Lexington, KY 40504

**\* \* \* \* \* \* \***

Comes Plaintiff Kathryn Barker Smith, by and through counsel, and for her Complaint against Plaintiff's former employer, Landmark of Iroquois Park Rehabilitation and Nursing Center, LLC, states as follows:

**PARTIES & JURISDICTION**

1.      Plaintiff Kathryn Barker Smith (hereinafter "Smith" or "Plaintiff") is a citizen of the Commonwealth of Kentucky, and resides in Louisville, Kentucky.

2.      Defendant Landmark of Iroquois Park Rehabilitation and Nursing Center, LLC (hereinafter "Landmark"), is a limited liability company organized under the laws of Kentucky and whose registered service agent is Capitol Corporate Services, Inc., 828 Lane Allen Road, Suite 219, Lexington, Kentucky 40504.

Presiding Judge: HON. BRIAN EDWARDS (630312)

COM : 000001 of 000005

1

Exhibit A

Filed        21-CI-003509     06/18/2021      David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
06/21/2021 10:21:54 AM
48398

3.    Landmark is in the business of operating a rehabilitation and nursing center located at 900 Gagel Avenue, Louisville, Kentucky 40203 (the "Facility").

4.    Smith was employed by Landmark at its Facility in Louisville, Kentucky, making venue in Jefferson Circuit Court proper in this action.

5.    Landmark is an employer subject to the provisions of the Kentucky Civil Rights Act, KRS Chapter 344.

6.    During all times relevant herein, Smith was employed by Landmark as its Director of Human Resources/Staffing Development Coordinator.

7.    During all times relevant to the allegations in this Complaint, Randall Conforti was employed by Landmark as its Administrator.

8.    Conforti acted in a supervisory capacity over Smith, with authority to direct Smith's daily work activities.

9.    In his supervisory capacity over Smith, Conforti also had the authority to undertake or recommend tangible employment actions over the terms and conditions of Smith's employment.

10.   During the course of her employment with Landmark, Smith was subjected to harassment of a sexual nature by Randall Conforti.

11.   The sexual harassment by Conforti created a hostile work environment for Smith.

12.   On or about Friday June 12, 2020, Smith complained to Landmark's corporate Human Resources Department, including Carrie Washington, that she was being subjected to sexual harassment by her supervisor, Randy Conforti.

13.   Smith's complaints to Landmark's corporate Human Resources Department were made in good faith and constituted protected activity under the Kentucky Civil Rights Act, KRS

Presiding Judge: HON. BRIAN EDWARDS (630312)

COM : 000002 of 000005

2

Filed          21-CI-003509      06/18/2021          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
06/21/2021 10:21:54 AM
48398

344.010, et seq.

14.   After receiving Smith's complaints of sexual harassment, Conforti was initially ordered to be suspended from work until an investigation into Smith's complaints was conducted.

15.   Landmark's Regional Director of Operations, Kenneth Pflumm, overturned the decision by Landmark's corporate Human Resources Department that Conforti be suspended while Smith's complaints were investigated, permitting Conforti to continue working in the office during the investigation.

16.   Smith worked for Landmark until Friday June 19, 2020, at which time her employment with Landmark was terminated by Carrie Washington (the "Termination").

17.   The Termination constituted a tangible employment action by Landmark.

**COUNT I – SEXUAL HARASSMENT UNDER THE KENTUCKY CIVIL RIGHTS ACT**

18.   Smith reiterates and incorporates the allegations contained in paragraphs 1 - 17 of this Complaint as if set forth at length herein.

19.   During Smith's employment, Landmark, through its agents and employees including Conforti, subjected Smith to unequal terms, conditions and privileges of employment and permitted a hostile, intimidating and offensive work environment as a result of the sexual harassment, and this treatment culminated with the Termination of Smith.  All such conduct violated KRS Chapter 344, including but not limited to KRS § 344.040.

20.   Landmark's conduct had the direct and foreseeable effect of interfering with Smith's job performance, forcing Smith to endure embarrassment, humiliation, and other indignities, as well as subjecting Smith to emotional and physical distress.

21.   Landmark's conduct caused Smith to suffer tangible job detriment, including but not limited to loss of career, loss of wages and benefits, humiliation, embarrassment, as well

Presiding Judge: HON. BRIAN EDWARDS (630312)

COM : 000003 of 000005

3

Filed          21-CI-003509    06/18/2021        David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
06/21/2021 10:21:54 AM
48398

as emotional and physical distress, all to her detriment, in an amount in excess of the minimum jurisdictional limits of this Court.

**COUNT II – RETALIATION UNDER THE KENTUCKY CIVIL RIGHTS ACT**

22. Smith reiterates and incorporates the allegations contained in paragraphs 1 - 21 of this Complaint as if set forth at length herein.

23. Smith opposed the sexual harassment by Conforti and complained to Landmark's corporate Human Resources Department regarding the sexual harassment by Conforti described above.

24. As a result of and because of her opposition to and/or complaints of sexual harassment, Smith has been subjected to retaliation, including being subjected to a hostile, intimidating and offensive work environment and the Termination of her employment by Landmark.

25. The acts of retaliation were committed by Landmark through its agents and employees.

26. The acts of retaliation by Landmark constitutes unlawful retaliation under KRS Chapter 344, which entitles Smith to injunctive relief, monetary damages, and attorney's fees pursuant to KRS Chapter 344.

27. The acts of retaliation had the direct and foreseeable effect of interfering with Smith's job performance, forcing her to endure embarrassment, humiliation and other indignities, as well as subjecting Smith to emotional and physical distress.

28. The acts of retaliation caused Smith to suffer tangible job detriment, including but not limited to the Termination, loss of career, loss of wages and benefits, humiliation, embarrassment, as well as emotional and physical distress, all to her detriment, in an amount in excess of the minimum jurisdictional limits of the Court.

4

Presiding Judge: HON. BRIAN EDWARDS (630312)

COM : 000004 of 000005

Filed       21-CI-003509   06/18/2021   David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
06/21/2021 10:21:54 AM
48398

## PRAYER FOR RELIEF

WHEREFORE, for the reasons stated above, Plaintiff Kathryn Barker Smith requests the following:

1. A trial by jury;

2. All relief allowed under KRS Chapter 344.

3. An award of all permitted compensatory and special damages against Landmark for the retaliation described above, in an amount that exceeds the minimum jurisdictional limits of this Court;

4. An Order that Landmark take such affirmative action as may be necessary to address the effects of Landmark's unlawful actions, and to prevent such actions in the future;

5. Smith's recoverable costs and reasonable attorney's fees, as required by statute;

6. Pre-judgment and post-judgment interest; and

7. Any and all other relief to which Smith may be entitled under the facts and circumstances set forth in the Complaint.

Respectfully submitted,

RANSDELL ROACH & ROYSE, PLLC

BY:   /s/ W. Keith Ransdell
      W. Keith Ransdell
      David T. Royse
      176 Pasadena Drive
      Building 1
      Lexington, KY 40503
      Telephone: (859) 276-6262
      Facsimile: (859) 276-4500
      keith@rrrfirm.com
      david@rrrfirm.com

Presiding Judge: HON. BRIAN EDWARDS (630312)

COM : 000005 of 000005

Filed       21-CI-003509   06/18/2021       David L. Nicholson, Jefferson Circuit Clerk