**FILED**

JAMES J. VILT, JR. - CLERK

MAR 2 0 2024

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO.  3:21-CV-00469-CRS

KATHRYN BARKER SMITH                                          PLAINTIFF

v.

LANDMARK OF IROQUOIS PARK REHABILITATION          DEFENDANTS
    AND NURSING CENTER, LLC;

INFINITY HEALTHCARE MGMT OF KENTUCKY, LLC
    **d/b/a** INFINITY HEALTHCARE CONSULTING, LLC;

and

INFINITY HEALTHCARE MANAGEMENT OF INDIANA, LLC
    **d/b/a** INFINITY HEALTHCARE CONSULTING, LLC

## **JURY INSTRUCTIONS**

Ladies and Gentlemen:

Now that you have heard all of the evidence, and the argument of the attorneys, it is my

duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law

to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law. You must consider the

instructions as a whole.

You are not to be concerned with the wisdom of any rule of law stated by the Court. You

must apply the law given in these instructions whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence

I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses

and the exhibits admitted in the record. It is your own interpretation and recollection of the

evidence that controls. You may use notes taken during trial to assist your memory. Notes, however, should not be substituted for your memory, and you should not be overly influenced by the notes.

You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in the light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness, and the weight to be given to the testimony of each witness.

In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, whether that witness said something different at an earlier time, and his or her interest in the outcome of the case, if any.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case or who may appear to have some knowledge of

the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

As you have heard in this case, Kathryn Barker Smith claims that she was fired because she reported sexual harassment by her supervisor, Randy Conforti.  In these Instructions, I will refer to these two as "Smith" and "Conforti" rather than repeating their names in full. Smith also claims that Conforti's sexual harassment forced her into a hostile work environment. Smith claims that she suffered damages in the form of emotional distress and lost wages as a result of the hostile work environment and her discharge from employment.

As you know, the defendants in this case are three companies:  (1) Landmark of Iroquois Park Rehabilitation and Nursing Center, LLC ("Landmark"); (2) Infinity Healthcare MGMT of Kentucky, LLC ("Infinity of Kentucky"); and (3) Infinity Healthcare Management of Indiana, LLC ("Infinity of Indiana").   As indicated, in these Instructions, I will refer to these defendants as Landmark, Infinity of Kentucky and Infinity of Indiana rather than repeating their names in full.

All persons are entitled to equal justice under the law. This applies to corporations, such as the defendants in this case, as well as individuals. The parties in this case are entitled to your careful deliberation without regard to being a corporation or an individual.

## INSTRUCTION 1: JOINT EMPLOYERS

As you have heard, two or more companies may both be liable for damages on a plaintiff's claim or claims if they are a plaintiff's joint or co-employer.  Under the law, this is known as the joint-employer doctrine. Here, Smith relies on the joint-employer doctrine in seeking damages as to each of her claims from all three Defendants: Landmark, Infinity of Kentucky and Infinity of Indiana. Landmark was Smith's formal employer. Therefore, you must first determine if, coupled with Landmark, either Infinity of Kentucky or Infinity of Indiana jointly employed Smith.

Entities are joint employers if they share or co-determine those matters governing essential terms and conditions of employment. To determine whether either Infinity of Kentucky or Infinity of Indiana was plaintiff Smith's joint employer, you must consider each of the Infinity company's ability to hire, fire or discipline employees, affect their compensation and benefits, and direct and supervise their employment.  You do not need to find that all of these factors existed in order to find that either Infinity of Kentucky or Infinity of Indiana jointly employed Smith along with Landmark.

Do you believe from the evidence that it is more likely true than not that Infinity of Kentucky was a joint employer of Plaintiff Smith?  Indicate your answer to this question on **Verdict Form A**.  Have the foreperson sign and date the form.

Do you believe from the evidence that it is more likely true than not that Infinity of Indiana was a joint employer of Plaintiff Smith?  Indicate your answer to this question on **Verdict Form B**. Have the foreperson sign and date the form.

**Proceed to Instruction 2.**

## INSTRUCTION 2: RETALIATION - LANDMARK

The Kentucky Civil Rights Act makes it unlawful for a person to retaliate against an individual for engaging in certain protected activities. Reporting or complaining about sexual harassment is a protected activity. Plaintiff Smith alleges that defendants Landmark, Infinity of Kentucky and Infinity of Indiana retaliated against her by firing her because Smith reported sexual harassment by Conforti.

To succeed on this claim, Smith must prove each of the following elements is more likely true than not:

1.  Smith engaged in a protected activity such as reporting or complaining about sexual harassment.

2.  Smith was fired after she engaged in a protected activity.

3.  Landmark was aware of Smith's complaint about sexual harassment by Conforti at the time Smith was fired.

4.  Smith would not have been fired but for her complaint or report of sexual harassment by Conforti.

With respect to element four (4), Smith's report or complaint about sexual harassment by Conforti need not be the sole or even the primary cause of her firing; however, Smith must prove that had she not complained, she would not have been fired. That is, Smith must show that it is more likely true than not that she was fired because she made a sexual harassment complaint and not because of Defendants' stated reasons. Defendants have offered evidence they contend supported the termination of Smith's employment. However, any evidence offered to support the termination of Smith's employment that was discovered by Defendants after the decision to terminate Smith was made would not be relevant and must be disregarded as to the decision to terminate.

If you find that all of the four above-listed elements are more likely true than not, Landmark is liable to Smith for retaliation and you shall so indicate by answering "YES" on **Verdict Form C**. If not, you shall so indicate by answering "NO" on **Verdict Form C**.

**Proceed to Instruction 3.**

### INSTRUCTION 3: RETALIATION - INFINITY OF KENTUCKY

Proceed with this Instruction 3 only if you answered "YES" on **Verdict Form A**. If you answered "NO" on **Verdict Form A**, skip this Instruction and go to Instruction 4.

If you answered "YES" on **Verdict Form A**, Infinity of Kentucky may be liable for retaliation against Smith as a joint employer if Infinity of Kentucky participated in retaliating against Smith **or** if Infinity of Kentucky knew or reasonably should have known of the retaliation but failed to take prompt corrective measures within its control. To succeed on this claim, Smith must also prove each of the following elements is more likely true than not:

1. Smith engaged in a protected activity such as reporting or complaining about sexual harassment.

2. Smith was fired after she engaged in a protected activity.

3. Infinity of Kentucky was aware of Smith's complaint about sexual harassment by Conforti at the time Smith was fired.

4. Smith would not have been fired but for her complaint or report of sexual harassment by Conforti.

With respect to element four (4), Smith's report or complaint about sexual harassment by Conforti need not be the sole or even the primary cause of her firing; however, Smith must prove that had she not complained, she would not have been fired. That is, Smith must show that it is more likely true than not that she was fired because she made a sexual harassment complaint and not because of Defendants' stated reasons. Defendants have offered evidence they contend supported the termination of Smith's employment. However, any evidence offered to support the termination of Smith's employment that was discovered by Defendants after the decision to terminate Smith was made would not be relevant and must be disregarded as to the decision to terminate.

If you find that Infinity of Kentucky is liable as a joint employer and also find that all of the four above-listed elements are more likely true than not, you shall so indicate by answering "YES" on **Verdict Form D**. If not, you shall so indicate by answering "NO" on **Verdict Form D**.

   **Proceed to Instruction 4.**

## INSTRUCTION 4: RETALIATION - INFINITY OF INDIANA

Proceed with this Instruction 4 only if you answered "YES" on **Verdict Form B**. If you answered "NO" on **Verdict Form B**, skip this Instruction and go to Instruction 5.

If you answered "YES" on **Verdict Form B,** Infinity of Indiana may be liable for retaliation against Smith as a joint employer if Infinity of Indiana participated in retaliating against Smith **or** if Infinity of Indiana knew or reasonably should have known of the retaliation but failed to take prompt corrective measures within its control. To succeed on this claim, Smith must also prove each of the following elements is more likely true than not:

1.     Smith engaged in a protected activity such as reporting or complaining about sexual harassment.

2.     Smith was fired after she engaged in a protected activity.

3.     Infinity of Indiana was aware of Smith's complaint about sexual harassment by Conforti at the time Smith was fired.

4.     Smith would not have been fired but for her complaint or report of sexual harassment by Conforti.

With respect to element four (4), Smith's report or complaint about sexual harassment by Conforti need not be the sole or even the primary cause of her firing; however, Smith must prove that had she not complained, she would not have been fired. That is, Smith must show that it is more likely true than not that she was fired because she made a sexual harassment complaint and not because of Defendants' stated reasons. Defendants have offered evidence they contend supported the termination of Smith's employment. However, any evidence offered to support the termination of Smith's employment that was discovered by Defendants after the decision to terminate Smith was made would not be relevant and must be disregarded as to the decision to terminate.

If you find that Infinity of Indiana is liable as a joint employer and also find that all of the four above-listed elements are more likely true than not, you shall so indicate by answering "YES" on **Verdict Form E**.  If not, you shall so indicate by answering "NO" on **Verdict Form E**.

**Proceed to Instruction  5**.

**INSTRUCTION 5: HOSTILE WORK ENVIRONMENT - LANDMARK**

The Kentucky Civil Rights Act makes it unlawful for an employer to permit a hostile work environment due to sexual harassment. Sexual harassment is unwelcome verbal, visual, or physical conduct of a sexual nature. Hostile environment sexual harassment exists when the workplace is permeated with such conduct so as to alter the conditions of employment and create an abusive working environment. Plaintiff Smith alleges that her supervisor, Conforti, caused a sexually hostile work environment and that Landmark, Infinity of Kentucky and Infinity of Indiana should be held responsible for it.

To succeed on a claim for hostile work environment sexual harassment, Plaintiff Smith must prove that each of the following elements is more likely true than not true:

1. Smith was subjected to conduct of a sexual nature in the workplace by Conforti, for example, unwelcome sexual propositions or advances, sexual innuendo, sexual touching, the display of sexually explicit material, or sexually derogatory language.

2. Conforti's conduct was unwelcomed by Smith.

3. Conforti's conduct was motivated by the fact that Plaintiff is female.

4. Conforti's conduct was sufficiently severe or pervasive such that a reasonable person in Smith's position would find her work environment to be hostile or offensive.

5. At the time such conduct occurred and as a result of such conduct, plaintiff believed her work environment to be hostile or offensive.

With respect to element four (4), to determine whether the sexual conduct was severe or pervasive, you must look at all the circumstances and decide whether a reasonable person in Smith's circumstances would find the work environment to be sexually hostile or abusive. You may consider a number of factors, including the frequency of the conduct complained of; its severity; whether it was threatening or humiliating, or a mere offensive utterance; whether it unreasonably

Page **11** of **17**

interfered with Smith's work performance and the effect on Smith's psychological well-being. *No single factor is required* in order to find a work environment hostile or abusive. To be pervasive, the incidents must be continuous and concerted. Unless extremely serious, offhand comments, and isolated incidents are not enough to establish hostile work environment sexual harassment.

If you find that all of the five above-listed elements are more likely true than not, then Landmark is responsible for subjecting Smith to a hostile work environment due to sexual harassment and you shall so indicate by answering "YES" on **Verdict Form F**. If not, you shall so indicate by answering "NO" on **Verdict Form F**.

**Proceed to Instruction 6**.

**INSTRUCTION 6: HOSTILE WORK ENVIRONMENT – INFINITY OF KENTUCKY**

If you answered **"NO"** on **Verdict Form A**, stop and proceed to Instruction 7.

If you answered "YES" on **Verdict Form A and** "YES" on **Verdict Form F,** Infinity of Kentucky may be liable for subjecting Smith to hostile work environment sexual harassment if Infinity of Kentucky knew or reasonably should have known of the sexually hostile work environment but failed to take prompt, corrective measures within its control.

If you find that Infinity of Kentucky is liable as a joint employer, then Infinity of Kentucky is responsible for subjecting Smith to a hostile work environment due to sexual harassment and you shall so indicate by answering "YES" on **Verdict Form G**.  If not, you shall so indicate by answering "NO" on **Verdict Form G**.

**Proceed to Instruction 7**.

### INSTRUCTION 7: HOSTILE WORK ENVIRONMENT – INFINITY OF INDIANA

If you answered **"NO"** on **Verdict Form B**, stop and proceed to Instruction 8.

If you answered "YES" on **Verdict Form B** <u>**and**</u> "YES" on **Verdict Form F,** Infinity of Indiana may be liable for subjecting Smith to hostile work environment sexual harassment if Infinity of Indiana knew or reasonably should have known of the sexually hostile work environment but failed to take prompt, corrective measures within its control.

If you find that Infinity of Indiana is liable as a joint employer, then Infinity of Indiana is responsible for subjecting Smith to a hostile work environment due to sexual harassment and you shall so indicate by answering "YES" on **Verdict Form H**.  If not, you shall so indicate by answering "NO" on **Verdict Form H**.

**Proceed to Instruction 8**.

### INSTRUCTION 8: DAMAGES

If you answered "NO" on Verdict Forms C, D, E, F, G, **and** H, end your deliberations and return to the courtroom.

However, If you answered "YES" on either Verdict Forms C, D, E, F, G, **or** H, you must now determine what sum or sums of money will fairly and reasonably compensate Smith for any damages which you find from the evidence resulted from the wrongful conduct. Smith seeks the following damages:

       1. A sum for lost wages in the amount of $_____
                              (not to exceed $22,105)

       2. A sum for emotional distress in the amount of $_____
                              (not to exceed $1,000,000)

Smith is entitled to recover damages that are reasonably certain in existence and amount and that have been proved to you by the greater weight of the evidence. You may not award damages that are remote and speculative, nor may you award damages based on sympathy or guesswork. In addition, Smith had a duty to exercise reasonable care to reduce and minimize any damages she may have sustained, and to the extent she failed to exercise such care you must reduce your award accordingly.

In determining the amount of damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. The law does not require that Smith prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. The damages you award must be fair compensation - no more and no less. In awarding this measure of damages, no evidence of the monetary value of such intangible things as emotional distress has been, or need be, introduced into evidence. There is no exact standard

for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial. You will indicate your award of damages, if any, on **Verdict Form I**, have your foreperson sign and date the form, end your deliberations, and return to the courtroom.

Your verdicts must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdicts must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

During your deliberations, you must not discuss this case with anyone outside the jury, or provide anyone outside the jury with any information about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, tablet, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, MySpace, Linkedin, YouTube, Instagram, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I have accepted your verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will speak for you here in court.

Forms of verdicts have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson fill in, date and sign the forms which set forth the verdicts upon which you unanimously agree with respect to each issue in this case; you will then return with your verdicts to the courtroom.

## VERDICT FORM A

| 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔠𝔬𝔲𝔯𝔱 | **District**<br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>KATHRYN BARKER SMITH<br>v.<br>LANDMARK OF IROQUOIS PARK REHABILITATION<br>AND NURSING CENTER, LLC;<br>INFINITY HEALTHCARE MGMT OF KENTUCKY, LLC<br>**d/b/a** INFINITY HEALTHCARE CONSULTING, LLC; and<br>INFINITY HEALTHCARE MGMT OF INDIANA, LLC<br>**d/b/a** INFINITY HEALTHCARE CONSULTING, LLC | **Docket No.**<br><br>CIVIL ACTION NO. 3:21-CV-00469-CRS |

Do you believe from the evidence that it is more likely true than not that Infinity of Kentucky was a joint employer of Smith?

YES   _____

NO   _____

| **Foreperson's Signature** | **Date** |
|---|---|

**VERDICT FORM B**

| | |
|---|---|
| **United States District Court** | **District**<br>Western District of Kentucky |
| **Case Title**<br><br>KATHRYN BARKER SMITH<br>v.<br>LANDMARK OF IROQUOIS PARK REHABILITATION<br>AND NURSING CENTER, LLC;<br>INFINITY HEALTHCARE MGMT OF KENTUCKY, LLC<br>  **d/b/a** INFINITY HEALTHCARE CONSULTING, LLC; and<br>INFINITY HEALTHCARE MGMT OF INDIANA, LLC<br>  **d/b/a** INFINITY HEALTHCARE CONSULTING, LLC | **Docket No.**<br><br>CIVIL ACTION NO. 3:21-CV-00469-CRS |

Do you believe from the evidence that it is more likely true than not that Infinity of Indiana was a joint employer of Smith?

        YES    _____

        NO    _____

| **Foreperson's Signature** | **Date** |
|---|---|
| | |

**VERDICT FORM C**

| 𝕯𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙 | **District**<br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>KATHRYN BARKER SMITH<br>v.<br>LANDMARK OF IROQUOIS PARK REHABILITATION<br>AND NURSING CENTER, LLC;<br>INFINITY HEALTHCARE MGMT OF KENTUCKY, LLC<br>  **d/b/a** INFINITY HEALTHCARE CONSULTING, LLC; and<br>INFINITY HEALTHCARE MGMT OF INDIANA, LLC<br>  **d/b/a** INFINITY HEALTHCARE CONSULTING, LLC | **Docket No.**<br><br>CIVIL ACTION NO. 3:21-CV-00469-CRS |

Do you believe from the evidence that Landmark is liable to Smith for retaliation?

      YES   _____

      NO    _____

| **Foreperson's Signature** | **Date** |
|---|---|
| | |

**VERDICT FORM D**

| 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔆𝔬𝔲𝔯𝔱 | **District**<br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>KATHRYN BARKER SMITH<br>v.<br>LANDMARK OF IROQUOIS PARK REHABILITATION<br>AND NURSING CENTER, LLC;<br>INFINITY HEALTHCARE MGMT OF KENTUCKY, LLC<br>   **d/b/a** INFINITY HEALTHCARE CONSULTING, LLC; and<br>INFINITY HEALTHCARE MGMT OF INDIANA, LLC<br>   **d/b/a** INFINITY HEALTHCARE CONSULTING, LLC | **Docket No.**<br><br>CIVIL ACTION NO. 3:21-CV-00469-CRS |

Do you believe from the evidence that as a joint employer Infinity of Kentucky is liable to Smith for retaliation?

     YES     _____

     NO      _____

| **Foreperson's Signature** | **Date** |
|---|---|

**VERDICT FORM E**

| | |
|---|---|
| **United States District Court** | **District**<br>Western District of Kentucky |
| **Case Title**<br><br>KATHRYN BARKER SMITH<br>v.<br>LANDMARK OF IROQUOIS PARK REHABILITATION<br>AND NURSING CENTER, LLC;<br>INFINITY HEALTHCARE MGMT OF KENTUCKY, LLC<br>  **d/b/a** INFINITY HEALTHCARE CONSULTING, LLC; and<br>INFINITY HEALTHCARE MGMT OF INDIANA, LLC<br>  **d/b/a** INFINITY HEALTHCARE CONSULTING, LLC | **Docket No.**<br><br>CIVIL ACTION NO. 3:21-CV-00469-CRS |

Do you believe from the evidence that as a joint employer Infinity of Indiana is liable to Smith for retaliation?

YES    _____

NO    _____

| | |
|---|---|
| **Foreperson's Signature** | **Date** |
| | |

**VERDICT FORM F**

| | |
|---|---|
| 𝕌𝕟𝕚𝕥𝕖𝕕 𝕊𝕥𝕒𝕥𝕖𝕤 𝔇𝕚𝕤𝕥𝕣𝕚𝕔𝕥 ℭ𝕠𝕦𝕣𝕥 | **District**<br>Western District of Kentucky |
| **Case Title**<br><br>KATHRYN BARKER SMITH<br>v.<br>LANDMARK OF IROQUOIS PARK REHABILITATION<br>AND NURSING CENTER, LLC;<br>INFINITY HEALTHCARE MGMT OF KENTUCKY, LLC<br>  **d/b/a** INFINITY HEALTHCARE CONSULTING, LLC; and<br>INFINITY HEALTHCARE MGMT OF INDIANA, LLC<br>  **d/b/a** INFINITY HEALTHCARE CONSULTING, LLC | **Docket No.**<br><br>CIVIL ACTION NO. 3:21-CV-00469-CRS |

Do you find from the evidence that Landmark is responsible for subjecting Smith to a hostile work environment due to sexual harassment?

Yes_____

No_____

| | |
|---|---|
| **Foreperson's Signature** | **Date** |

**VERDICT FORM G**

| **United States District Court** | **District**<br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>KATHRYN BARKER SMITH<br>v.<br>LANDMARK OF IROQUOIS PARK REHABILITATION<br>AND NURSING CENTER, LLC;<br>INFINITY HEALTHCARE MGMT OF KENTUCKY, LLC<br>  **d/b/a** INFINITY HEALTHCARE CONSULTING, LLC; and<br>INFINITY HEALTHCARE MGMT OF INDIANA, LLC<br>  **d/b/a** INFINITY HEALTHCARE CONSULTING, LLC | **Docket No.**<br><br>CIVIL ACTION NO. 3:21-CV-00469-CRS |

Do you find from the evidence that as a joint employer Infinity of Kentucky is responsible for subjecting Smith to a hostile work environment due to sexual harassment?

Yes_____

No_____

| **Foreperson's Signature** | **Date** |
|---|---|

**VERDICT FORM H**

| **United States District Court** | **District**<br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>KATHRYN BARKER SMITH<br>v.<br>LANDMARK OF IROQUOIS PARK REHABILITATION<br>AND NURSING CENTER, LLC;<br>INFINITY HEALTHCARE MGMT OF KENTUCKY, LLC<br>  **d/b/a** INFINITY HEALTHCARE CONSULTING, LLC; and<br>INFINITY HEALTHCARE MGMT OF INDIANA, LLC<br>  **d/b/a** INFINITY HEALTHCARE CONSULTING, LLC | **Docket No.**<br><br>CIVIL ACTION NO. 3:21-CV-00469-CRS |

Do you find from the evidence that as a joint employer Infinity of Indiana is responsible for subjecting Smith to a hostile work environment due to sexual harassment?

      Yes_____

      No_____

| **Foreperson's Signature** | **Date** |
|---|---|

**VERDICT FORM I**

| 𝔘nited 𝔖tates 𝔇istrict 𝔠ourt | **District**<br><br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>KATHRYN BARKER SMITH<br>v.<br>LANDMARK OF IROQUOIS PARK REHABILITATION<br>AND NURSING CENTER, LLC;<br>INFINITY HEALTHCARE MGMT OF KENTUCKY, LLC<br>   **d/b/a** INFINITY HEALTHCARE CONSULTING, LLC; and<br>INFINITY HEALTHCARE MGMT OF INDIANA, LLC<br>   **d/b/a** INFINITY HEALTHCARE CONSULTING, LLC | **Docket No.**<br><br>CIVIL ACTION NO. 3:21-CV-00469-CRS |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND DAMAGES AS FOLLOWS:**

1. Lost Wages             $_____ (not to exceed $22,105)

2. Emotional Distress     $_____ (not to exceed $1,000,000)

| **Foreperson's Signature** | **Date** |
|---|---|